**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTIN SACK, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff(s),<br><br>    v.<br><br>DIMITRIOS KOLOVOS; GERASIMOS TSOKANTAS; and GORGIOS FAKOURAS,<br><br>                 Defendant(s). | Civil Action No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Christin Sack ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

**INTRODUCTION**

1. This is class and collective action brought on behalf of "Tipped Employees" (defined herein) who worked at the restaurant facility that operated under the trade name of "Metro Diner" and was located at Rt. 130 & Browning Road in Brooklawn, NJ (the "Diner"). The Diner was owned and/or operated by Ponzios RD, Inc. ("Ponzios"). Defendants Dimitrios Kolovos, Gerasimos Tsokantas, and Gorgios Fakouras (collectively, "Defendants") exercised significant control over the business of the Diner with respect to the claims asserted herein.

2. On or around June 5, 2018, the Diner ceased business operations. According to publicly available information, the property the Diner was located on was subsequently sold by Brooklawn Realty Associates, LLC ("Brooklawn") for approximately $4.5 million.

3. Defendants Dimitrios Kolovos and Gerasimos Tsokantas are shareholders of Ponzios and Brooklawn and, upon information belief, both personally profited from the sale of the Diner.

1

Through this action, Plaintiff seeks to recover the unpaid wages due and owing to her and the other Tipped Employees.

4.      Defendants employed individuals as "waiters/waitresses," "servers" and "bussers" (collectively "Tipped Employees"), who were subjected to Defendants' unlawful pay practices.

5.      As explained in detail below, Defendants systematically and willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and New Jersey State Wage and Hour Law ("NJ State Law"), N.J.S.A. 34:11-56a *et seq.*, by failing to satisfy the notice requirements of the tip credit provisions of the FLSA and NJ State Law and failing to pay Tipped Employees proper minimum wage for all hours worked.

6.      Indeed, due to Defendants' unlawful failure to properly inform Tipped Employees of their intention to utilize a "tip credit," Defendants improperly applied a "tip credit" against the wages paid to Plaintiff and former Tipped Employees, thus paying them less than the mandated minimum wage.

7.      In addition, as set for the below, Defendant also violated applicable wage laws by improperly taking a meal credit against Tipped Employees' wages.

8.      As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

## **SUMMARY OF CLAIMS**

9.      Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the FLSA.

10.     In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All Tipped Employees employed by Defendants during the statutory period covered by this Complaint who elect to opt-in to this litigation (the "FLSA Collective Class").

11.     In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages pursuant to the NJ State Law.

12.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All Tipped Employees who worked for Defendant in the State of New Jersey during the statutory period covered by this Complaint (the "NJ Class").

13.     The FLSA Collective Class and the NJ Class are hereafter collectively referred to as the "Classes."

14.     Plaintiff alleges on behalf of the FLSA Collective Class that she is: (i) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA.

15.     Plaintiff alleges on behalf of the NJ Class that Defendants violated NJ State Law by failing to comply with the tip credit provisions, as required by law, consequently failing to pay them the appropriate minimum wages for all hours worked, and improperly applying a meal credit to each of their Tipped Employees pay.

## **PARTIES**

16.     Plaintiff Christin Sack is a resident of the State of New Jersey who was employed as a "server" at Metro Diner, in its Brooklawn, New Jersey location at Rt. 130 & Browning Rd., Brooklawn, NJ 08030 from on or around March 2011, through approximately June 5, 2018, who Defendants failed to compensate properly for all hours worked.

17.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  Her executed Consent To Sue form is filed with the Court as Exhibit "A" to this Complaint.

18.     Defendant Dimitrios Kolovos ("Kolovos") is a resident of the State of Delaware.

Defendant Kolovos is an attorney, licensed to practice in Pennsylvania and New Jersey, and has been a shareholder of Ponzios and Brooklawn since at least 2010, holding the title of treasurer or secretary.

19. In addition to any corporate duties, Defendant Kolovos, *inter alia*, conducted periodic mandatory meetings of Metro Diner Tipped Employees, handled the payroll, and drafted the tip credit notification form which was provided to most or all Metro Diner Tipped Employees. Defendant Kolovos was involved in the management and operation of the Metro Diner and was responsible for the employment policies complained of herein.  Consequently, Defendant Kolovos was the employer of the Tipped Employees comprising the Classes for purposes of the FLSA and NJ State Law.

20. The Court in *Casco et al., v. Ponzios RD, Inc*., No. 16-cv-2084 (D.N.J.)( "Ponzios Litigation") has previously ruled that the tip credit notification form drafted by Defendant Kolovos and disseminated to most or all Metro Diner Tipped Employees was deficient as a matter of law for purposes of providing adequate tip credit notification.

21. Defendant Gerasimos Tsokantas ("Tsokantas") is a shareholder of Ponzios and Brooklawn, and is listed as one of the members of the Board of Directors of Ponzios at the time of its incorporation. Tsokantas directly managed the day-to-day operations of Metro Diner.  In his role as a manager, Tsokantas exercised sufficient control over the labor policies and practices complained of herein to be considered the employer of Plaintiff and the Classes for the purposes of the FLSA and NJ State Law.  Upon information and belief, Tsokantas is a resident of New Jersey.

22. Defendant Gorgios Fakouras ("Fakouras") is a shareholder of Ponzios. Fakouras also served as a manager involved in the day-to-day operations of Metro Diner until its closure in or around June 2018. In that role, Fakouras directly supervised the Tipped Employees and was responsible for, among other things, supervising the managers and doing the payroll. In his role as a supervisor, Defendant Fakouras exercised sufficient control over the labor policies and practices

complained of herein to be considered the employer of Plaintiff and the Classes for the purposes of the FLSA and NJ State Law.  Upon information and belief, Fakouras is a resident of New Jersey.

23.     In their capacity as owners and managers of the Diner, Defendants Kolovos, Tsokantas and Fakouras were responsible for creating and implementing the labor policies and practices at Metro Diner complained of herein, and exercised sufficient control over the Metro Diner to be considered the employers of Plaintiff and the Classes for purposes of the FLSA and NJ State Law.

24.     At all relevant times during the statutory period covered by this Complaint, Defendants have transacted business within the State of New Jersey, including within this District.

## JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

26.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

27.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

28.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

29.     The crux of the FLSA and NJ State Law is, inter alia, that all employees are entitled to be paid mandated minimum wages for all hours worked.

30.     Contrary to these basic protections, Plaintiff and the members of the Classes were deprived of the mandated minimum wage for all hours they worked.

31.     Plaintiff and the members of the Classes were Tipped Employees employed by Defendants.

**Plaintiff's Experience Working for Defendant**

32.     During the course of Plaintiff's employment with Defendants, her hourly wage rate was $2.15 plus tips.

33.     Plaintiff and the other servers recorded their tips on Defendants' Point of Sale ("POS") system at the end of each shift.

34.     As set forth below, due to Defendants' pay practices Plaintiff and the Tipped Employees were not paid all wages, including the statutory minimum wage, due and owing to them.

35.     For example, despite earning insufficient tips on multiple occasions, Defendants never adjusted Plaintiff's hourly rate to ensure that she earned at least the minimum wage for each hour worked.

36.     Indeed, Defendants took the maximum tip credit for each hour worked by their Tipped Employees regardless of the amount of tips earned by Tipped Employees.

37.     Additionally, Defendants Kolovos and Fakouras admitted in their sworn depositions in the Ponzios Litigation that they often altered the payroll records to reflect a higher tip amount than the Tipped Employees actually received during a given shift.

38.     In addition, Defendants took the maximum tip credit for each hour worked by their Tipped Employees despite having failed to provide their Tipped Employees with the information required to do so.

39.     Defendants also applied a $10.00 meal credit – pro-rated for each 40 hours worked to Plaintiff's and all Tipped Employees' weekly gross pay regardless of whether they actually received a meal during any given shift.

40.     Further, Defendants charged the meal credit, and any employee discount, against the

full menu price of the item and not against Defendants' actual cost of the meal item in violation of applicable law.

41.     Defendants' policies of not adjusting Tipped Employees' hourly rate when insufficient tips were earned, inflating the tip amounts recorded by Tipped Employees, and improperly applying a meal credit to every Tipped Employees pay were uniform policies/procedures that applied to all Tipped Employees (and thus were applicable to the members of the Classes).

**The Tip Credit Provision & Requirements**

42.     Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants chose to take a tip credit and pay these employees less than the applicable minimum wage.

43.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the tip credit wage paid by the employer equals at least the applicable minimum wage.[1]

44.     According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

45.     Fact Sheet #15 states plainly and unmistakably what is required under both the statute (29 U.S.C. § 203(m)) and the regulation, 29 CFR § 531.59, regarding the tip credit notification

---

[1] An employer is not relieved of its duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage. That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit. Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

requirements.

46.     Although New Jersey had a higher minimum wage during the period encompassed by this Complaint, it did follow the federal law in requiring only a cash wage of $2.13 to be paid to employees who customarily and regularly receive tips.

47.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must notify its employees of its intention to take the tip credit and must also inform its employees that all tips received by the employee are to be retained by the employee (except for those tips that are part of a valid tip pooling arrangement).

48.     Moreover, an employer must explicitly notify the employee as to the amount of the tip credit and inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

49.     An employer bears the burden of showing that it has satisfied the notification requirement of informing its employees that tips are being credited against the employee's hourly wage.[2] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

50.     Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference. Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at

---

[2] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

least $7.25 per hour – the mandated federal minimum wage.

51.    Under NJ State Law in effect at the time the Diner was in operation, an employer could pay a tipped employee as low as $2.13 per hour only if the employer could "demonstrate that the balance of the . . . minimum wage required under State law is paid through gratuities in accordance with N.J.A.C. 12:56-4 and 12:56-8."   N.J.A.C. 12:56-14.4(b).   N.J.A.C. 12:56-4 pertains to certain record keeping requirements and N.J.A.C. 12:56-8 pertains to gratuities, food and lodging deductions/credits.

52.    Like federal law, NJ State Law does not permit an employer using a food credit to offset the wages owed by more than the actual cost of the food to the employer.  Thus, no amount of profit to the employer can be included in the meal credit.

53.    With respect to the gratuities requirement, under NJ State Law the employer must have an agreement with its employees regarding how tips are calculated and that agreement must either be based on actual tips received, gross sales, or a method approved by the Commissioner. N.J.A.C. 12:56-8.4.

54.    Due to Defendants' admitted practice of unilaterally changing tip amounts claimed by Tipped Employees, Defendants cannot be said to have complied with NJ State Law.

**Defendant's Failure to Notify Tipped Employees**

55.    As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

56.    The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, that employer is ineligible to claim the tip credit and must pay the employee the full minimum wage.

57.    Defendants failed to comply with Section 203(m) of the FLSA (and the plain

language of Fact Sheet #15), by simply paying their Tipped Employees less than the full minimum wage without providing their Tipped Employees with all of the information required to properly claim a tip credit against the Tipped Employees' tips received.

58.     The limited effort Defendants made to ostensibly notify their Tipped Employees of the taking of a tip credit has been ruled insufficient as a matter of law by the Court in the Ponzios Litigation.  (*See* Ponzios Litigation, ECF No. 94).

59.     Defendants also failed to comply with N.J.A.C. 12:56-4.6, which requires employers of employees who receive gratuities to "maintain and preserve payroll and other records containing the total gratuities received by each employee during the payroll week."

60.     Had Defendants complied with that wage provision, it would have clearly seen that Plaintiff and others were not earning sufficient tips to substantiate the tip credit claimed.

61.      Moreover, there was no agreement between Defendants and the Tipped Employees that the tip credit claimed by Defendants was based on actual tips received, gross sales, or a method approved by the Commissioner.

62.     Rather, Defendants took the maximum tip credit permissible irrespective of whether their Tipped Employee actually earned sufficient tips to legally warrant Defendants' tip credit claim.

63.     In fact, on occasions where Tipped Employees reported having earned less than minimum wage, Defendants unilaterally inflated the amount of tips recorded by their Tipped Employees in the POS system to reflect that those employees had actually received enough in tips to earn minimum wage.

64.     Through these practices, Defendants ensured that even when its Tipped Employees failed to receive enough in tips to earn minimum wage, Defendant nonetheless claimed the

maximum tip credit anyway.

**Defendants Improper Meal Credit**

65.     Defendants also took a meal credit by applying $10.00 – pro-rated for each 40 hours worked – to the weekly gross pay of each of their Tipped Employees.

66.     To take a meal credit, Defendants were required to show the reasonable cost of any meal deductions.

67.     To be considered reasonable, the meal credit applied could not exceed the actual cost of the meal and could not include any profit to the Defendants.

68.     Defendants failed to meet that requirement by allowing their Tipped Employees a meal credit of up to $8.00 per shift off the *retail* price of food, as listed on the menu and sold to Defendants' customers at a profit.

69.     Additionally, Defendants were required to maintain records reflecting any additions or deductions from wages for services such as meals.

70.     However, Defendants failed to maintain any such records relating to its meal credit program.

71.     Further, Plaintiff and the other Tipped Employees, rarely actually received any meal at all during any of the shifts they worked.  Moreover, to the extent employees took a meal home at the end of their shift, Defendants often charged that employee the full menu price.

72.     Thus, despite the fact that Defendants failed to show the reasonable cost (actual cost) of their meal deductions, failed to keep any records of meals received by their Tipped Employees, and failed to ensure that their Tipped Employees actually received a meal during each shift in which Defendants claimed a meal credit, Defendant impermissibly applied a pro-rated $10 meal credit to the weekly pay of each of their Tipped Employees.

73.     Evidence generally reflecting the number of uncompensated hours worked by Tipped Employees is in the possession of Defendants.

74.     While Plaintiff is unable to state at this time the exact amount owed to the Classes, Plaintiff believes that such information is in the possession of the Defendants. Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

75.     Plaintiff brings this action on behalf of the FLSA Collective Class as a collective action pursuant to the FLSA. Plaintiff also brings this action as a class action pursuant to Rule 23 on behalf of herself and the NJ Class for claims under the NJ State Law.

76.     The claims under the FLSA are being pursued by those who opted-in to this case pursuant to 29 U.S.C. § 216(b). The claims brought pursuant to the NJ State Law are being pursued by all similarly-situated persons who do not opt-out of the NJ Class pursuant to Rule 23.

77.      The members of the NJ Class are so numerous that joinder of all members is impracticable. While the exact number of the members of the NJ Class can only be ascertained through Defendants' records, Plaintiff reasonably believes there are over 330 individuals in the NJ Class.

78.     Defendants acted or refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

79.     The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes have worked for Defendants and were subject to the same

compensation policies and practices.

80. Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a) Whether Defendants were precluded from claiming the tip credit during the period encompassed by this Complaint;

b) Whether Defendants failed to pay minimum wages for each hour worked;

c) Whether Defendants were precluded from applying a meal credit to the weekly pay of each of their Tipped Employees; and

d) Whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages.

81. Plaintiff will fairly and adequately protect the interests of the Classes as her interests are aligned with those of the members of the Classes. Plaintiff has no interests adverse to the Classes she seeks to represent, and has retained competent and experienced counsel.

82. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

83. Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

84. Defendants have violated the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of

NJ State Law.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of Plaintiff and the FLSA Collective Class)**

85.    Plaintiff, on behalf of herself and the FLSA Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

86.    At all relevant times, Defendants had gross revenues in excess of $500,000.00.

87.    At all relevant times, Defendants were employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

88.    At all relevant times, Defendants employed Plaintiff and each of the FLSA Collective Class Members within the meaning of the FLSA.

89.    Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

90.    In addition, Defendants improperly claimed a meal credit by basing it off the retail price of the food.

91.    Defendants violated the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

92.    Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the FLSA Collective Class, are entitled to recover from the Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW JERSEY MINIMUM WAGE VIOLATIONS**
**(On Behalf of Plaintiff and the NJ Class)**

93.     Plaintiff, on behalf of herself and the members of the NJ Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

94.     At all relevant times, Defendants employed Plaintiff and each of the NJ Class Members within the meaning of the NJ State Law.

95.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the applicable New Jersey minimum wage, Defendants improperly took a tip credit and paid Tipped Employees at a rate well below New Jersey's minimum wage.

96.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the required minimum wage in New Jersey, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

97.     At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of failing to satisfy the notification requirements in order for Defendants to claim the tip credit.

98.     At all relevant times in the period encompassed by this Complaint, Defendants had a willful policy of claiming the maximum tip credit even in instances where Tipped Employees did not receive enough in tips to earn minimum wage.

99.     In addition, Defendants improperly claimed a meal credit by basing it off the retail price of the food.

100.    As a result of Defendants' willful practices, Defendants were not entitled to claim the tip credit and pay Plaintiff and the members of the NJ Class less than the New Jersey minimum wage for all hours worked.

101.    Due to the Defendants' violations, Plaintiff, on behalf of herself and the members of the NJ Class, are entitled to recover from Defendants the amount of unpaid minimum wages,

attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and/or on behalf of himself and all other similarly situated members of the FLSA Collective Class and members of the NJ Class respectfully requests the Court grant the following relief:

A.     Final certification of this action as a collective action on behalf of the FLSA Collective Class;

B.     Designation of Plaintiff as representative of the FLSA Collective Class and the NJ Class;

C.     Designation of Plaintiff's counsel as class counsel for the FLSA Collective Class and the NJ Class;

D.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJ State Law;

E.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein

F.     An award of unpaid minimum wages to Plaintiff and the members of the Classes;

G.     An award of liquidated damages to Plaintiff and members of the Classes;

H.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

I.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

## CERTIFICATION

It is hereby certified that, pursuant to L. Civ. R. 11.2, the matter in controversy is not presently the subject of any other action pending in any court or of an arbitration proceeding to date.

Dated: <u>July 30, 2020</u>

Respectfully submitted,

**CONNOLLY WELLS & GRAY, LLP**

*/s/ Gerald D. Wells, III*
Gerald D. Wells, III
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: 610-822-3700
Facsimile: 610-822-3800
Email: gwells@cwglaw.com
  sconnolly@cwglaw.com

**KALIKHMAN & RAYZ, LLC**
Lawrence Kalikhman
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: 215-364-5030
Facsimile: 215-364-5029
Email: lkalikhman@kalraylaw.com

***Attorneys for Plaintiff and the Proposed Classes***

# EXHIBIT "A"

## CONSENT TO BECOME A PARTY PLAINTIFF

1.     I, _Christin Sack_____ , consent to sue as a Plaintiff in this

action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2.     During the applicable period, I was an employee of Defendant and was not paid

properly for all hours worked.

3.     By my signature below, I hereby authorize counsel to prosecute the claims in my

name and on my behalf, in this action, for Defendant's failure to pay all wages due and owing in

accordance with federal law.

_7/23/20_____
Date

_Christin Sack_____
Print Name

_Christin Sack_____
Signature